UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>EUFEMIA ALAMO RAMIREZ | Case No. 06mg0706-POR<br><br>**ORDER DENYING MOTION TO DISMISS** |

## I. INTRODUCTION

Extraditee Ramirez was arrested by immigration authorities in Mexico on April 23, 1998, on charges of human trafficking. On April 26, 1998, Ms. Ramirez was released because the Mexican Federal Public Prosecutor's Office had not received the documentation required in order to file charges against her. Subsequently, an arrest warrant was issued on December 30, 1999. Based on a request from the Mexican government to the United States, a provisional arrest warrant was ordered on February 24, 2006. On April 13, 2006, Ms. Ramirez was arrested at her home in National City, California.

On July 24, 2006, Extraditee Ramirez filed a Motion to Dismiss the Extradition Request based on unconstitutional delay. The Government filed an opposition on August 14, 2006. Based on the Court's review of the papers, the Court ordered the parties to file supplemental briefing regarding the statute of limitations in both the United States and Mexico.

///

///

- 1 -

06mg0706

## II. DISCUSSION

**A.     Statute of Limitations**

Article 7 of the Extradition Treaty between the United States and the United Mexican States provides, "extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has been barred by lapse of time according to the laws of the requesting or requested Party."

1.     Statute of Limitations in the United States (Requested Party)

The Ninth Circuit has held that Article 7 of the Treaty incorporates the United States statute of limitations in 18 U.S.C. § 3281 (regarding capital offenses) and 18 U.S.C. § 3282 (regarding non-capital offenses). Caplan v. Vokes, 649 F.2d 1336 (9th Cir. 1981).

Here, Ms. Ramirez is charged with human trafficking, a non-capital offense. Therefore, the five-year statute of limitations for non-capital offenses in § 3282[1] applies to the instant action. Generally, the statute of limitations in § 3282 is tolled when the defendant is charged in an indictment. Although Mexico does not have the same criminal procedures as the United States and does not charge people through the use of indictments, the lack of the indictment process does not mean that the statute of limitations can never be tolled. Rather, the statute of limitations is tolled when the foreign government institutes a process that is the "functional equivalent" of an indictment. Caplan, 649 F.2d at 1340.

In the instant matter, the statute of limitations began to run on April 23, 1998, upon Ms. Ramirez's arrest in Mexico. The statute of limitations was subsequently satisfied through the issuance of an arrest warrant by a District Judge in Tapachula, Chiapas, Mexico on December 30, 1999. The issuance of the arrest warrant in Mexico is the "functional equivalent" of an indictment, and thus serves to toll the statute of limitations. Accordingly, the statute of limitations in the United States, the requested party, was satisfied.

---

[1] 18 U.S.C. § 3282 provides:

> Except as otherwise provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

1       2.       Statute of Limitations in Mexico (Requesting Party)

2       Extradition is also prohibited if it is barred by lapse of time according to the laws of Mexico, the requesting party. The statute of limitations in Mexico is found in Article 105 of the Mexican Federal Criminal Code. Article 105 provides: "The criminal action shall prescribe in a term equal to the arithmetic mean of the prison term provided by law for that crime, but under no circumstances shall it be less than three years." Thus, the statute of limitations is determined by looking at the penalty for the particular crime charged. Here, Ms. Ramirez was charged with human trafficking in violation of Article 138 of the Mexican Federal Criminal Code. Article 138 provides in pertinent part: "Upon whomever or by means of a third party, for the purpose of trafficking, attempts to take or takes Mexican or foreigners into another country, without the corresponding documentation there shall be imposed an imprisonment penalty from six to twelve years . . . ." Accordingly, the statute of limitations in Mexico is nine years, the arithmetic mean of the prison term provided by law for human trafficking.

      As stated earlier, in the instant matter, the statute of limitations began to run on April 23, 1998, upon Ms. Ramirez's arrest in Mexico, and was subsequently satisfied through the issuance of an arrest warrant on December 30, 1999. Criminal proceedings were initiated well within Mexico's nine-year statute of limitations. Accordingly, the instant action is not barred by either the statute of limitations in Mexico or the United States. Therefore, the Court denies Ms. Ramirez's motion to dismiss based on statute of limitations arguments.

      **B.**     **Due Process Clause of the Fifth Amendment**

      Ms. Ramirez argues that the extradition request should be dismissed based on the Due Process Clause of the Fifth Amendment. Specifically, Ms. Ramirez claims that her defense has been prejudiced due to unconstitutional delay.

      The general rule is that an extradition proceeding is not a criminal proceeding, and thus the extraditee is not entitled to the rights available to a defendant in an ordinary criminal proceeding in the United States, unless the treaty incorporates those constitutional rights. Extradition of Garcia, 890 F. Supp. 914, 923 (S.D. Cal. 1994). The Fifth Amendment states in pertinent part: "No person shall . . . be compelled *in any criminal case* to be a witness against himself, nor be deprived of life,

1  liberty, or property, without due process of law" (emphasis added).  Several provisions of the Fifth
2  Amendment have been held inapplicable to extradition proceedings because the Fifth Amendment
3  applies only to criminal proceedings.  See Collins v. Loisel, 262 U.S. 426, 429 (1929) (finding the
4  Fifth Amendment guarantee against double jeopardy does not apply to extradition proceedings); In
5  the Matter of the Extradition of Angela Christine Powell, 4 F. Supp. 2d 945 (S.D. Cal. 1998)
6  (finding that *Miranda* does not apply to extradition proceedings).

7      The Due Process Clause of the Fifth Amendment has only been applied to extradition
8  proceedings in limited circumstances.  In Paretti v. United States, 122 F.3d 758 (9th Cir. 1997),
9  (decision withdrawn and appeal dismissed on other grounds, 143 F.3d 508 (9th Cir. 1998) (en
10 banc)), the Ninth Circuit held that the Due Process Clause was violated where the extraditee was
11 detained without bail when "there had been no evidentiary showing of probable cause to believe that
12 an extraditable crime had been committed, and the foreign government had not yet requested
13 extradition."  Lopez-Smith v. Hood, 121 F.3d 1322 (9th Cir. 1997).  Paretti is distinguishable from
14 the instant action because the Paretti court's finding that the Due Process Clause was violated, and
15 the related analysis, focused on detention without bail prior to the extradition hearing.  Paretti did
16 not deal with unconstitutional delay regarding the foreign nation's request for extradition.

17     Here, the Court finds that the Due Process Clause of the Fifth Amendment cannot be
18 extended to Extraditee Ramirez under the present circumstances.  An extradition hearing is not a
19 criminal proceeding in which the purpose is to decide guilt or innocence.  Thus, extraditees are not
20 afforded the same constitutional protections as defendants in a criminal prosecution.  Rather, if
21 extradited, an extraditee will be afforded the protections available under the laws of the requesting
22 nation.

23     Extradition is governed by treaty, not the United States Constitution.  It is a matter of
24 foreign policy within the discretion of the executive branch.  This Court finds that had the executive
25 branches of the United States and Mexico intended to extend the provisions of the United States
26 Constitution to extraditees, it would have provided for such protections in the extradition treaty
27
28

1  between the two nations.² Given that extradition is a matter of foreign policy to be negotiated by the
2  executive branch, it is not the function of this Court to extend protections not provided for in the
3  Extradition Treaty between the two nations.

### C.    Sixth Amendment Right to a Speedy Trial

Ms. Ramirez argues that her right to a speedy trial under the Sixth Amendment has been violated by Mexico's failure to request extradition until 2006.

The Sixth Amendment provides in pertinent part: "In all *criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial . . ." (emphasis added). As with many of the protections of the Fifth Amendment discussed above, the Sixth Amendment's guarantee to a speedy trial is inapplicable to extradition proceedings because an international extradition is not a "criminal prosecution." Jhirad v. Ferrandina, 536 F.2d 478, 485 (2d Cir. 1976). In an extradition proceeding, the Magistrate Judge's function is not the same as in a criminal prosecution. Rather, the function of the judge is limited within the bounds of the treaty to determine whether there is "any" evidence establishing reasonable or probable cause. Upon a finding of probable cause, the extraditee is to be afforded the protections of the laws of the requesting nation, not the requested party.

As discussed earlier, many of the constitutional protections afforded to criminal defendants under the Fourth, Fifth, and Sixth Amendments are inapplicable to extradition proceedings because an extradition proceeding is not a "criminal prosecution" and is limited by the terms of the treaty

---

² For example, several Circuit Courts have concluded that an evidentiary showing of probable cause to believe the fugitive has committed an extraditable crime is required before a provisional arrest warrant can issue. However, these courts made such a finding based on the language of the treaty, not the Fourth Amendment. See Caltagirone v. Grant, 629 F.2d 739 (2d Cir. 1980); In re Extradition of Russell, 805 F.2d 1215 (5th Cir. 1986); Sahagian v. United States, 864 F.2d 509 (7th Cir. 1988). In Caltagirone, Russell, and Sahagian, the treaty provided:

> In case of urgency a Contracting Party may apply for the provisional arrest of the person sought pending the presentation of the request for extradition through the diplomatic channel . . . . The application shall contain a description of the person sought, an indication of intention to request extradition of the person sought and a statement of the existence of a warrant of arrest . . . against that person, *and such other information, if any, as would be necessary to justify the issue of a warrant of arrest had the offense been committed in the territory of the requested state.*

In the cases cited above, the contracting nations made an express agreement subjecting each other to the requirements of the requested state. In the instant matter, neither the Due Process Clause of the Fifth Amendment nor the right to a speedy trial under the Sixth Amendment has been extended to an extraditee through language incorporated into the extradition treaty between the United States and Mexico.

between the two nations.  See e.g., Brigham v. Bradley, 241 U.S. 511, 517 (1916) (finding no right to confront witnesses); Valenzuela v. United States, 286 F.3d 1223, 1229 (11th Cir. 2002) (finding no 5th amendment right against self-incrimination); In the Matter of Extradition of McMullen, 989 F.2d 603, 612-13 (2d Cir. 1993) (finding no 5th amendment protection against double jeopardy or res judicata); Hooker v. Klein, 573 F.2d 1360, 1368 (9th Cir. 1978) (same);  Simmons v. Braun, 627 F.2d 635, 636 (2d Cir. 1980) (finding no 4th amendment exclusionary rule); De Silva v. Di Leonardi, 181 F.3d 865 (7th Cir. 1999) (finding no 6th Amendment right to counsel).

Based on the weight of the authority declining to extend constitutional protections, including the right to a speedy trial, to international extraditees, this Court finds that the Sixth Amendment's right to a speedy trial is not applicable to the instant extradition proceeding.

### III.  CONCLUSION

Based on the foregoing analysis, Extraditee Ramirez's Motion to Dismiss is DENIED.  The Court hereby CONFIRMS the Extradition Hearing set for August 30, 2006 at 9:30 a.m.

**IT IS SO ORDERED**.

DATED:     August 23, 2006

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     All parties